United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SUTTER INSURANCE CO,

Plaintiff,

v.

WILLIAMSBURG NATIONAL INS CO,

Defendant.
_______________________________/

No. C 11-01150 SI

**ORDER DENYING MOTION TO REMAND AND GRANTING MOTION TO TRANSFER**

Currently before the Court is plaintiff's motion to remand and defendant's motion to transfer the case to the Eastern District of California. Pursuant to Civil Local Rule 7-1(b), the Court finds these matters appropriate for resolution without oral argument and hereby VACATES the hearing. Having considered the papers submitted, and for good cause shown, the Court hereby DENIES plaintiff's motion to remand and GRANTS defendant's motion to transfer.

## BACKGROUND

This case stems from an accident involving a tractor trailer, where the tractor owned by Carlos Garibay was insured by plaintiff Sutter Insurance Co. (Sutter) and the trailer attached to Garibay's tractor, which was owned by Lawson Rock and Oil, Inc., was insured by defendant Williamsburg National Ins. Co. (Williamsburg). Sutter claims that the parties' policies apply on a co-primary basis and that Williamsburg owes Sutter for half of the money spent to defend and settle the tort claims brought against Garibay, who was driving the tractor trailer at the time of the accident. Williamsburg claims that its insurance policy provides only excess coverage and, as a result, Williamsburg has no duty to contribute to the defense and settlement.

In order to resolve the issue, on December 10, 2010, Williamsburg filed a declaratory relief action in the Eastern District of California seeking a judicial determination as to the policies' coverage. *Willimsburg National Insurance Company v. Sutter Insurance Company*, Case No. 10-cv-2310 DLB (E.D. Cal.). Sutter responded two months later by filing a separate case in Sonoma County Superior Court. Docket No. 1. Williamsburg removed the Sonoma County action to this Court on the basis of diversity jurisdiction, and has filed a motion to transfer the case to the Eastern District where its lawsuit is pending. Docket No. 10. Sutter opposes the motion to transfer and has filed a motion to remand this case back to Sonoma County. Docket No. 14.

## DISCUSSION

### 1. Motion to Remand

Plaintiff does not dispute that it is a citizen of California and defendant Williamsburg is a citizen of Michigan, or that the amount in controversy exceeds $75,000. Instead, Sutter argues that this Court does not have diversity jurisdiction over this case under the "direct action" exception in 28 U.S.C. § 1332(c)(1). Under section 1332(c)(1), corporations are deemed to be citizens of the states where they are incorporated and have their principal place of business, "except that in any direct action against the insurer of a policy or contract of liability insurance, whether incorporated or unincorporated, to which action the insured is not joined as a party-defendant, such insurer shall be deemed a citizen of the State of which the insured is a citizen, as well as of any State by which the insurer has been incorporated and of the State where it has its principal place of business." Plaintiff argues that this action - seeking equitable contribution – is a "direct action" which turns Williamsburg into a citizen of California as Sutter's insured – the tractor trailer driver – is a citizen of California.

Sutter's argument, however, is not well taken. The "direct action" exception in section 1332(c)(1) does not extend to this type of action -- one between dueling insurers seeking equitable contribution. In *Beckham v. Safeco Ins. Co.*, 691 F.2d 898 (9th Cir. 1982), the Ninth Circuit recognized that section 1332(c)(1) "was enacted in 1964 specifically to eliminate from diversity jurisdiction tort claims in which both the injured party and the tortfeasor are local residents, but which, under state 'direct action' statutes, are brought against the tortfeasor's foreign insurance carrier without joining the

**United States District Court**
For the Northern District of California

tortfeasor as a defendant." *Id.* at 901. The Court recognized that the term "direct action" has been "uniformly recognized" as those "cases in which a party suffering injuries or damage for which another is legally responsible is entitled to bring suit against the other's liability insurer without joining the insured or first obtaining a judgment against him." *Id.* at 901-02. In *Beckham*, the Ninth Circuit rejected the argument that a bad faith action brought by the injured party against the insured's insurance company for the company's refusal to settle a claim was a "direct action," where liability for bad faith conduct could not be imposed against the insured. *See also Searles v. Cincinnati Ins. Co.*, 998 F.2d 728 (9th Cir. 1993) (finding bad faith action brought by insured against its insurer does not fall within "direct action" exception). Here, not only is plaintiff not the "injured party," but as in *Beckham*, the liability sought – equitable contribution to Sutter – could *not* be imposed on Sutter's insured, the tractor trailer driver.[1] As such, this case falls outside the "direct action" exception and diversity jurisdiction exists.

Nor can plaintiff's other arguments support remand. There is nothing improper about Williamsburg having removed prior to being served with the underlying complaint. *See* Opposition to Motion to Remand at 7-10; *see also City of Ann Arbor Emples. Ret. Sys. v. Gecht*, 2007 U.S. Dist. LEXIS 21928 (N.D. Cal. Mar. 9, 2007) ("defendant could remove a case without having been served"). The Court finds that Williamsburg's removal of this complaint was proper and timely. Nor can Williamsburg be considered a resident of California simply because it is registered with the California Secretary of State to do business in California. Such a finding would be contrary to the plain text of section 1332(c).

Plaintiff's motion to remand is DENIED.

**2. Motion to Transfer**

Williamsburg seeks, pursuant to 28 U.S.C. § 1407(a), to transfer this case to the Eastern District of California where its original action against Sutter is pending. Williamsburg argues that transfer is

---

[1] Plaintiff's non-Ninth Circuit cases are not to the contrary. In each of those cases, the plaintiff was the injured party who sought to hold an insurance entity liable for the underlying injury. *See* Reply to Motion to Remand at 5-6.

appropriate since both actions rest on the same facts and involve the same legal question. Williamsburg also argues that transfer is appropriate under 28 U.S.C. § 1404(a) not only because the two suits are essentially identical, but also because the accident underlying the case occurred in the Eastern District and both Sutter's insured and Williamsburg's insured are residents of the Eastern District.

Sutter opposes transfer. It argues both that the judge in the Eastern District should dismiss the Williamsburg case pending there in deference to *this* action, and that this action should be remanded to Sonoma County Superior Court. This Court has denied Sutter's motion for remand, since diversity jurisdiction is clearly present. Whether or not Williamsburg's case in the Eastern District of California remains pending, the Eastern District appears to be the appropriate venue for resolution of the parties' dispute since the accident took place in the Eastern District and the insureds live in the Eastern District,.

The Court concludes that transfer will serve the convenience of the parties and witnesses and will promote the just and efficient conduct of the actions and, therefore, GRANTS the motion to transfer.

**CONCLUSION**

For the foregoing reasons, the Court GRANTS defendant Williamsburg's motion to transfer the case to the Eastern District of California and DENIES plaintiff's motion to remand.

**IT IS SO ORDERED.**

Dated: May 13, 2011

SUSAN ILLSTON
United States District Judge